IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| DONNA M. HOLEM, | |
| Plaintiff, | CASE NO. 3:22-cv-00039-SMR-HCA |
| vs. | |
| WALMART INC. f/k/a WAL-MART STORES, INC., | **DEFENDANT WALMART, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND** |
| Defendant. | |

Defendant Walmart Inc. ("Walmart") answer Plaintiff's Petition as follows:

1.      That at all times material hereto, Plaintiff, was a resident of Scott County, Iowa.

**ANSWER:  Walmart admits the allegations contained in Paragraph 1.**

2.      That at all times material hereto, Defendant is and was a retail store doing business throughout the State of Iowa, and in particular the City of Muscatine, Muscatine County, Iowa, at facility number 559.

**ANSWER:  Walmart admits that it operates a retail business with stores throughout the State of Iowa including in Muscatine, Iowa.**

3.      That on or about June 15, 2020, Plaintiff was at Defendant's retail outlet a set forth above, when an employee of Defendant was stocking shelves and caused a jar of what is believed to be applesauce to be broken in the aisle, which caused Plaintiff to slip, causing her personal injuries and damages.

**ANSWER: Walmart admits that Plaintiff was present at the Walmart retail store in Muscatine, Iowa on or about June 15, 2020 at or about the time that a jar of product,**

**believed to be applesauce, spilled in an aisle.  Walmart denies the remaining allegations**

**contained in Paragraph 3.**

4.      That the aforementioned incident was caused by certain acts and/or omissions on

the part of the Defendant, its agents, and/or employees, all of which constitute negligence and/or

fault, including, but not limited to:

    a.      In failing to maintain safe premises;

    b.      In failing to warn patrons in the position of Plaintiff Donna M. Holem, of

            the dangers associated with the activities being carried on by Defendant,

            its agents, and/or employees;

    c.      In allowing to occur on the premises a condition which was unreasonably

            dangerous, with respect to which Defendant, its agents, and/or employees

            knew Plaintiff would be unable to protect herself; and

    d.      In failing to properly instruct its employees in safe use of instruments,

            instrumentalities, and other objects during the course and scope of the

            employment so as to protect person in the position of Plaintiff Donna M.

            Holem, from being injured.

**<u>ANSWER</u>:  Walmart denies the allegations contained in Paragraph 4 including all**

**subparts.**

5.      That as a direct and proximate case of the aforementioned negligence and/or fault

on the part of Defendant, its agents, and/or employees, Plaintiff donna M. Holem, has been

injured in her person and property, and having sustained past, present and future medical and

hospitalization costs and expenses, past, present, and future pain and suffering, temporary and

permanent disabilities, lost wages, and loss of earning capacity, and loss of enjoyment of life, all

in an amount to be proven at the time of trial, but in any event, in excess of the jurisdictional

limitations of this court.

**ANSWER:  Walmart denies the allegations contained in Paragraph 5.**

## AFFIRMATIVE DEFENSES

1.     Discovery may reveal that Plaintiff was at fault for the subject incident, which

fault may reduce or bar Plaintiff's recovery, if any, and/or reduce the fault of the Walmart, if

any, in accordance with Iowa Code Chapter 668.

2.     Discovery may reveal that Plaintiff failed to mitigate her damages.

3.     Discovery may reveal that Plaintiff's alleged injuries and damages were caused or

contributed to by persons, entities, circumstances, and/or conditions over which Walmart had no

control and for which it is neither responsible nor liable to Plaintiff.

4.     Discovery may reveal that the alleged condition was, or should have been, open

and obvious to Plaintiff.

5.     Plaintiff has failed to state a claim upon which relief may be granted.

WHEREFORE, Defendant Walmart Inc. respectfully request that the Court dismiss

Plaintiff's Petition at Law with prejudice, including all counts and claims contained therein,

assess costs to Plaintiff, and grant any further relief the Court deems just and equitable.

## JURY DEMAND

Defendant Walmart, Inc. demands a jury trial on all issues so triable.

LEDERER WESTON CRAIG PLC

By_____
Benjamin M. Weston
Jessica L. McNamara
4401 Westown Parkway, Suite 212
West Des Moines, IA  50266
Phone: (515) 224-3911
Fax: (515) 224-2698
E-Mail:    bweston@lwclawyers.com

*ATTORNEYS FOR WALMART, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the U.S. District Court for the Southern District of Iowa, Eastern Division, using the ECF system which will send notification of such filing to the following:

Michael J. Motto
BUSH, MOTTO, CREEN, KOURY & HALLIGAN, PLC
5505 Victoria Avenue, Suite 100
Davenport, Iowa  52807
E-mail: mjmpclaw@yahoo.com

*ATTORNEY FOR PLAINTIFF*

I certify under penalty of perjury that the foregoing is true and correct.  Executed June 14, 2022, in West Des Moines, Iowa.